REQUESTED BY: Senator Don Wesely, Chairperson Public Health and Welfare Committee
What level of care does this bill authorize in an intermediate care facility (ICF)?
May a licensed practical nurse (LPN) function as a Health Services Supervisor in an ICF?
May the Director of Nursing or Health Services Supervisor in an ICF count toward meeting patient care requirements?
Does the bill authorize the Department of Health to make rules and regulations required for participation in the Medicare/Medicaid programs without improperly delegating legislative authority?
All health care services other than skilled nursing services if such services are within the scope of practice of staff on duty when such services are needed and are not beyond the scope of practice of the health services supervisor.
Yes, with limitations discussed below.
Yes, your proposed amendment expressly allows this. However, it may be inconsistent with Medicaid requirements as discussed in 4., below.
Yes, to the extent possible with two exceptions.
An ICF as defined in this bill may provide health related services other than skilled nursing services to the extent such health related services are within the scope of practice of staff on duty when such services are needed. See, Sections 2(11) of the bill and Attorney General Opinion No. 109 (July 3, 1985) and Attorney General Opinion No. 153B (December 9, 1985). There is a further limitation. That is that a facility cannot provide health care services beyond the scope of practice of its health services supervisor even if such services are within the scope of practice of staff on duty when they are needed. It is a situation where "water cannot rise higher than its source." Such services may be provided to persons who require room, board and daily health related services because of their mental or physical condition but who do not require hospital or skilled nursing care. See, Sections 2(11) of the bill.
Those limitations were discussed in Attorney General Opinion No. 153B, above. That is, the person directing the LPN must be above the LPN in the line of authority within the nursing home. Your proposed amendment to Neb.Rev.Stat. Sections 71-1,132.05 does not change the basic requirement for such supervision. Instead it specifies how a licensed physician can give such supervision.
Our court has defined "supervise" as the "act of overseeing; inspection, superintendence," in State v. Fremont, Elkhorn Missouri Valley R. R. Company, 22 Neb. 313,35 N.W. 118 (1887), and "to oversee for direction; to superintend; to inspect with authority," in Lowe v. Chicago Lumber Company, 135 Neb. 735, 283 N.W. 841 (1939). Both are consistent with the definition of "supervisor" in Neb.Rev.Stat. Sections 48-801(9) (Supp. 1985):
The term "supervisor" means any employee having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.
Neb.Rev.Stat. § 71-1,132.05(4) (Reissue 1981) defines the practice of nursing for a registered nurse as "assuming responsibility and accountability for those nursing actions which include" executing diagnostic and therapeutic regimens prescribed by certain duly licensed practitioners and administering, supervising, delegating and evaluating nursing activities.
Neb.Rev.Stat. § 71-1,132.05(5) defines the practice of nursing by a licensed practical nurse. The specified acts an LPN can do are: (a) Application of nursing techniques and procedures in the observation, teaching, and caring for the ill, injured, and infirm; and (b) Promoting community health. Not only are the administration and supervision of nursing activities omitted from that list, but the responsibilities assumed and acts performed by an LPN must be under the direction of specified licensed professionals. This is consistent with the scope of practice for LPNs given by the founder of the practice, by those who teach and practice it and by lexicographers. See, the study updated by the Board of Nursing in 1982, entitled "Guide to the Role, the Scope of Practice and the Utilization of the Licensed Practical Nurse in the State of Nebraska." That study is replete with references from nursing literature to the fact that an LPN should always be supervised by a registered nurse or physician when caring for patients.
It would nullify the distinction between registered nurses and LPNs to interpret your proposed amendment as allowing the need for supervision of an LPN to be satisfied by the oral and written instructions for diagnostic and therapeutic regimens given by certain duly licensed practitioners attending residents of the facility. Thus such an interpretation is counter to the rule of statutory construction that effect should be given to all of the several parts of a statute if possible, and nothing should be avoided. See, Ledwith v. Bankers Life Insurance Company of Nebraska, 156 Neb. 107, 54 N.W.2d 409 (1952). It would not provide supervision over how the LPN carried out such orders.
Your proposed amendment to Neb.Rev.Stat. § 71-2017.01
(Supp. 1985) also does not change the basic requirement of supervision for LPNs. Although it makes a special class of such nurses in an ICF, it merely expands the field of persons who may give direction to an LPN in an ICF by oral and written instructions.
To be certified for participation in the Medicare/Medicaid program ICFs must meet the standards in the federal regulations, including amendments to them. In order to enforce those federal regulations, the Department of Health needs authority to adopt the federal regulations as state regulations because it cannot enforce federal law. However, because the Legislature cannot delegate its legislative authority to the federal government, it can only authorize adoption of federal regulations in existence at the time of its action. Thus there will always be a lag time when the state will not have rules and regulations reflecting amendments to the federal regulations. The Department will also not be able to adopt any regulations which are inconsistent with state law.
You propose to delete the express requirement for minimum staff and the express requirement that there be a registered nurse as Director of Nursing or an LPN as Health Services Supervisor. Instead, the Department of Health is directed to adopt rules and regulations consistent with 42 CFR 442.301 to 442.346 except Sections 442.321, .322, .323 and .330.
42 CFR § 442.302 provides: "The ICF must have staff on duty 24 hours a day sufficient in number and qualifications to carry out the policies, responsibilities, and programs of the ICF."
Section 442.339(a) requires: "The ICF must have a registered nurse or a licensed practical or a vocational nurse to supervise the ICF's health services full time 7 days a week on the day shift."
Section 442.340 requires: "The ICF must have responsible staff members on duty and awake 24 hours a day to take prompt, appropriate action in case of injury, illness, fire, or other emergency."
Section 442.342 provides: "The ICF must provide nursing care for each resident as needed, including restorative nursing care that enables each resident to achieve and maintain the highest possible degree of function, self care, and independence."
None of the definitions for "supervise" or "supervisor" cited above includes the direct provision of the services supervised. It follows that a health services supervisor cannot be available to provide health care services during the day shift if the supervisor must be supervising full time. To that extent your proposed amendment that "[t]he supervisor of health services may provide nursing care and when providing the nursing care, such care may be counted toward meeting the patient care requirements" is inconsistent with 42 CFR Sections 442.339(a), above.
The federal regulations to be excluded from state regulations pertain to the life safety code standard to be applied. It is our understanding they were excluded because the Secretary of Health and Human Services has already found that the State of Nebraska has a fire and safety code which can be substituted for the life safety code referred to in Sections 442.321. However, Sections 442.322 contains just such an exception. Thus, those sections referred to above should be included for consistency with the federal requirements. The exclusion in the regulations, if applicable, will then apply.
Except for the limitations noted, the bill will authorize the Department of Health to make rules and regulations required to certify ICFs for participation in the Medicare/Medicaid programs to the extent possible without improperly delegating legislative authority.
Sincerely yours,
ROBERT M. SPIRE Attorney General
Marilyn B. Hutchinson Assistant Attorney General